UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JAMES SPRUILL,

                              Petitioner,

-vs-                                                    Case No.  8:09-cv-435-T-17TGW

SECRETARY, DEPT. OF CORRECTIONS,

                              Respondent.
_____/


## ORDER


        Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

filed by JAMES SPRUILL (Spruill), a Florida prisoner. The petition attacks Spruill's convictions

for Sexual Battery and Incest rendered in the Tenth Judicial Circuit in Polk County, Florida, in

state circuit case number CF00-02299A-XX.  Also before the Court is Spruill's motion for leave

to amend/correct his petition. (Doc. 20).   A review of the record demonstrates that, for the

following reasons, the petition and the motion for leave to amend/correct the petition must be

**denied.**

PROCEDURAL HISTORY

        On April 10, 2000, Spruill was charged by Information with one count each of Sexual

Battery and Incest. (Exh 22: Vol. 1: R 22- 23).1 The case proceeded to jury trial before the

Honorable Randall G. McDonald, Circuit Judge, on January 29, 2001. Spruill was represented at trial by retained counsel, Richard Mars, Esquire. On January 31, 2001, the jury found Spruill guilty on both counts as charged. (Exh 22: Vol. 1: R 27). On December 4, 2002, the court sentenced Spruill to fifteen years in prison on the sexual battery count and five years on the incest count, with both counts running concurrently. (Exh 22: Vol. 1: R 74-81).

Direct Appeal

Represented by Assistant Public Defender Anthony C. Musto, Spruill prosecuted a direct appeal of his convictions and sentences. Spruill's appellate counsel filed an initial brief (Exhibit 1) raising five issues.

The State filed an answer brief, and Spruill filed a reply brief. (Exhibits 2 & 3). With the appellate court's permission, Spruill later filed a supplemental brief adding a sixth issue: (Exhibit 4). The State did not file a supplemental answer brief. On November 24, 2004, in Case No. 2D02-5800, the Second District Court of Appeal filed a written opinion affirming Spruill's convictions without discussion, and reversing and remanding for the trial court to administratively strike certain discretionary court costs. (Exhibit 5). *Spruill v. State*, 888 So. 2d 93 (Fla. 2d DCA 2004). The mandate was issued on December 15, 2004. (Exhibit 6).

Rule 3.850 Motion for Postconviction Relief

On December 14, 2006, through privately retained counsel Christopher J. Dale, Esquire, Spruill filed a motion for postconviction relief and memorandum of law pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 7). The motion raised five allegations of ineffective assistance of trial counsel.

On April 9, 2007, the postconviction court issued an order, with record attachments, summarily denying all claims on the merits except ground 4 of the motion, which the court

dismissed without prejudice as facially insufficient. (Exhibit 8). Spruill appealed the adverse ruling. He filed a pro se brief which included eight issues with five sub-issues. (Exhibit 9). Because of the summary nature of the proceeding, the State was not required to file an answer brief and did not do so. (Exhibit 10). On February 15, 2008, in Case No. 2D07-2313, the Second District Court of Appeal filed an unwritten per curiam affirmance of the trial court's order denying postconviction relief. (Exhibit 11). *Spruill v. State*, 976 So. 2d 1113 (Fla. 2d DCA 2008)[table]. Spruill filed a pro se motion for rehearing2 which the appellate court denied on February 29, 2008. (Exhibit 12). The court's mandate was issued on March 18, 2008. (Exhibit 13).

Petition Alleging Ineffective Assistance of Appellate Counsel

On August 7, 2008, Spruill filed in the appellate court a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Exhibit 14). On September 4, 2008, in Case No. 2D08-3853, the court filed an order, with citations, dismissing the petition as untimely. (Exhibit 15). *Spruill v. State*, 989 So. 2d 647 (Fla. 2d DCA 2008)[table].

State Habeas Corpus Petition (Appellate Court)

On July 28, 2008, Spruill filed a petition for writ of habeas corpus in the appellate court, in which he sought to file a new Rule 3.850 motion for postconviction relief. (Exhibit 16). On August 12, 2008, in Case No. 2D08-3714, the court filed an order denying the petition without discussion. (Exhibit 17). *Spruill v. State*, 988 So. 2d 1103 (Fla. 2d DCA 2008)[table].

State Habeas Corpus Petition (Trial Court)

On August 30, 2008, Spruill filed a petition for writ of habeas corpus in the trial court, again seeking to file a belated motion for postconviction relief. (Exhibit 18). On September 17, 2008, the trial court issued an order denying the petition as time-barred under the two-year

limitation period of Fla. Crim. P. 3.850. (Exhibit 19). Spruill appealed the order denying relief. On April 24, 2009, in Case No. 2D08-4967, the district court of appeal affirmed the trial court's order denying relief. (Exhibit 20). *Spruill v. State*, 2009 Fla. App. LEXIS 3675 (Fla. 2d DCA April 24, 2009)[table]. The mandate was issued on May 20, 2009. (Exhibit 21).

## THE PRESENT PETITION

Spruill signed the § 2254 petition and submitted the document to prison officials for mailing on March 6, 2009. (Doc. 1). Spruill raises four grounds for relief alleging ineffective assistance of trial counsel for counsel's: (1) failure to strike a juror; (2) failure to file a motion in limine to prevent introduction of a tape recording; (3) failure to move for judgment of acquittal on the incest charge, and counsel's concession of Spruill's guilt on the incest charge; and (4) failure to impeach the State's key witness and the victim. Spruill also argues as sub-claim three of Ground Two that fundamental error occurred when he was convicted of an uncharged crime.

## THE PETITION IS TIME-BARRED

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Spruill's judgment became final on February 22, 2005, ninety (90) days after his convictions were affirmed on appeal on November 24, 2004. See Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept. of Corrections*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance,

rather than 90 days after the mandate was issued). Accordingly, absent any properly filed tolling application in the state courts, Spruill's federal petition was due to be filed on or before February 22, 2006.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Spruill properly filed a Rule 3.850 motion for postconviction relief on December 14, 2006. Accordingly, the federal petition is untimely and must be dismissed. However, neither the Rule 3.850 motion nor the other collateral challenges that followed it, even if properly filed acted to toll the federal one-year period because the limitations period had already expired on February 23, 2006. *See Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), where the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S. Ct. 481, 148 L. Ed. 2d 45 (2000), held that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Id.* at 1333. Consequently, the instant petition was filed almost ten months (295 days) too late and must be dismissed as untimely.

Equitable Tolling

Spruill acknowledges his federal petition is untimely. He seeks equitable tolling to excuse his late filing. As factual support, Spruill states:

> Petitioner's private attorney failed to file postconviction relief motion in time to toll the time limitations of Section 2244(d). However, Petitioner's issues raised in state courts and herein warrants equitable tolling based on: (1) Private postconviction motion cause the delay and Petitioner would suffer prejudice under Section 2244(d); (2) the Petitioner's issues raised in state courts was [sic] never adjudicated on the merits; Petitioner will show in his reply to the State's response that constitutional rights (state and federal), federal laws, and actual

innocence of charged offenses (as opposed to legal innocence); Section 2244(d) are [sic] inapplicable, does not apply to the substance of the issues in this case.

Petitioner relies on *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004), to have this court to review his claims de novo as Section 2254(d) is also inapplicable where there is no deferential standard can be applied based on a lack of state courts ever addressed your instant Petitioner's claims. Petitioner would like to defer filing argument in support of actual innocence under the dictum of *Schlup v. Delo*, 115 S.Ct. 851 (1995) until State files their response to this instant court's show cause order; Petitioner assures this habeas review court that he will be able to meet the standard in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)("Where a constitutional violation has probably resulted in the conviction of one who is actually innocence [sic], a federal has [sic] court may grant the writ even in the absence of a showing of cause for the procedural default).

Section 2254 petition at pages 14-15.

Spruill's request for equitable tolling must be denied. The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001). In *Holland v. Florida*, 539 F.3d 1334 (11th Cir. 2008), the Eleventh Circuit stated:

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that must be applied sparingly. *Drew [v. Dep't of Corr.]*, 297 F.3d at 1286. "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.* "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). A truly extreme case is required.

*Holland,* 539 F.3d at 1338, *cert. granted*, 130 S.Ct. 398 (2009).

Spruill contends his federal petition is untimely due to his private attorney's failure to file postconviction relief motion in time to toll the one-year limitations period. Spruill has not carried his burden to show extraordinary circumstances caused him to file an untimely petition. In *Downs v. McNeil*, 520 F.3d 1311 (11th Cir. 2008) and *Holland*, the Eleventh Circuit directly addressed the circumstances in which a petitioner will be entitled to equitable tolling based on the petitioner's attorney's conduct. In affirming the dismissal of the petitioner's habeas petition as untimely in *Holland,* the Eleventh Circuit announced the following principle of law: "[N]o allegation of lawyer negligence or of failure to meet a lawyer's standard of care - in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part - can rise to the level of egregious attorney misconduct that would entitle Petitioner to equitable tolling. Pure professional negligence is not enough." *Holland*, 539 F.3d at 1339; *see also Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008).

Spruill's allegation that his privately retained postconviction counsel filed the Rule 3.850 motion too late to toll the one-year period is insufficient to establish entitlement to equitable tolling in this federal proceeding. Even if counsel was negligent, or even grossly negligent in filing the timely postconviction motion outside the federal one year period, Spruill has not alleged nor shown that his attorney made affirmative misrepresentations, deceived Spruill, disregarded Spruill's instructions, refused to return documents, or abandoned Spruill's case. *See Downs v. McNeil*, 520 F.3d 1311, 1321 (11th Cir. 2008). *See also, Howell v. Crosby*, 415 F.3d 1250 (11th Cir. 2005), where Howell contended that the statute of limitations should be tolled because the private attorney appointed to represent Howell during his state postconviction proceedings failed to file a petition for state postconviction relief within one year after Howell's conviction and sentence became final. The Eleventh Circuit affirmed the

dismissal of Howell's § 2254 petition as untimely, determining that any negligence of Howell's attorney failed to satisfy either of the two prerequisites for equitable tolling. *Id.*

Moreover, Spruill has not alleged or established that he acted with diligence. He did not specify when he retained postconviction counsel, whether he instructed counsel to file the postconviction motion within the federal one-year period, nor did he describe any measures he took to assure that his state collateral proceedings were pursued with expediency. Therefore, Spruill does not merit equitable relief on the time-bar issue.

Actual Innocence

In an attempt to avoid the time bar, Spruill also alleges he is actually innocent of the charged offenses. However, even if there is an actual innocence exception to the federal limitations period, Spruill's allegations are insufficient to merit such relief. In *Melson v. Allen*, 548 F.3d 993 (11th Cir. 2008), the Eleventh Circuit opined:

> Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. *See Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence. *Id.* This requires the petitioner to produce "'new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" *Arthur,* 452 F.3d at 1245 (quoting *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865). If the petitioner shows "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," then he has made a "gateway" claim of innocence allowing his otherwise barred constitutional claims to be considered on the merits. *Schlup*, 513 U.S. at 315, 327, 115 S. Ct. at 861, 867.

*Id.* at 1002.

Spruill has failed to make the requisite showing of actual innocence to permit this Court to reach the merits of his underlying claims. He has presented no "new reliable evidence" nor

do his allegations suggest that any such evidence exists. In fact, Spruill states in the federal petition that he wishes to "defer" filing his argument in support of his claim of actual innocence until after Respondent files the response. The conclusory statements in the federal petition are wholly insufficient to establish actual innocence, and Spruill's attempt to avoid the time bar on the basis of actual innocence should be rejected by this Court. As stated, it is Respondent's position that the petition is untimely under 28 U.S.C. § 2244.

Furthermore, the claims raised by Spruill are procedurally barred or fail to meet the prerequisites of 28 U.S.C. § 2254(d) and (e).

AEDPA STANDARD OF REVIEW

Spruill's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24,1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 138 L. Ed. 2d 481, 17 S. Ct. 2059 (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in Order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693, 152 L. Ed. 2d 914, 122 S. Ct. 1843 (2002); *see also, Bell v. Cone*, 160 L. Ed. 2d 881, 125 S. Ct. 847 (2005)(habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). Pursuant to 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 155 L. Ed. 2d 144, 123 S. Ct. 1166 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S. 12, 157 L. Ed. 2d 263, 124 S.Ct. 7, 10 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308-10 (11th Cir. 2003). A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Brown v. Payton*, 125 S.Ct. 1432, 1438, 161 L.Ed.2d 334 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000)). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8, 154 L. Ed. 2d 263, 123 S. Ct. 362 (2002); *Parker v. Secy of Dept. of Corrections*, 331 F.3d 764, 775-76 (11th Cir. 2003).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 125 S.Ct. at 1439. An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1141 (11th Cir. 2005). Finally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir. 2003).

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Spruill raises six exhausted allegations of ineffective assistance of trial counsel and two allegations of ineffective assistance of appellate counsel in the present federal petition. In order to show a violation of the Sixth Amendment right to counsel, Spruill must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Bell v. Cone*, 535 U.S. 685, 698, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, Spruill must demonstrate that his attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Spruill must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." Id., 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Spruill must prove both prongs of *Strickland*. Therefore, if he fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,...that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). In this case, the state courts' denial of Spruill's ineffective assistance of counsel claims is neither contrary to, nor an unreasonable application of, the *Strickland* standard.

DISCUSSION

GROUND ONE

Spruill contends his trial counsel was ineffective for failing to strike Juror Cline from the jury. Specifically, he alleges that Juror Cline had a working relationship with the Spruill's aunt and Juror Cline should have acknowledged this relationship during voir dire. In the Rule 3.850 motion, Spruill acknowledged that this issue was raised in the direct appeal and was denied by the Second District Court of Appeal. (See Motion for Postconviction Relief at page 3). In light of this fact, the state postconviction court properly found the issue to be procedurally barred under Florida law or without merit, as stated in the court's order:

> As the Second District Court of Appeal has already ruled that seating Juror Cline on the jury was not fundamental error, the Court finds that this claim is successive. Further, the Court finds that "proceedings under Rule 3.850 are not to be used as a second appeal... .[and] it is inappropriate to use a different argument to relitigate the same issue." *Medina v. State*, 573 So. 2d 293,295 (Fla. 1990). As such, "[a]llegations of ineffective assistance of counsel cannot be used

to circumvent the rule that post-conviction proceedings cannot serve as a second appeal." *Id.* at 295 (citing *Blanco v. Wainwright*, 507 So.2d 1377 (Fla. 1987)).

The Fourth District Court of Appeal in *Jenkins v. State*, discussed the issue of ineffective assistance of counsel and fundamental error in the context of jury selection. In this case, the Court ruled that "[the seating of a biased juror is the type of problem to which a trial judge must be sensitive, even in the absence of an objection. If an objection to a juror's qualifications can be waived by failing to make a timely objection, the error is not a fundamental one. And if a lawyer's 'error' regarding a juror's qualifications is not so serious as to be the equivalent of a fundamental error, then post-conviction relief is not appropriate." *Id.* at 982-83. The Second District Court of Appeal, by affirming the Defendant's conviction, ruled that Defense Counsel did not commit fundamental error when failing to strike Juror Cline from the jury panel. Therefore, Defendant was not deprived of effective assistance of counsel by Defense Counsel's failure to object to Juror Cline.

In addition to this claim being successive to the claim filed on direct appeal, the Defendant has failed to allege that Juror Cline knew the Defendant was related to her co-worker or that the co-worker had discussed the case. The only allegation is that Juror Cline works at the same large company with the Defendant's aunt, not that they worked in the same department or were anything more than work colleagues. A review of the trial transcript reveals that Juror Cline agreed to "keep an open mind until [hearing] all of the evidence" and to "be a fair juror". Trial Transcript at p. 38, 45. As the "relevant inquiry is whether the jurors can lay aside any opinion or impressions and render a verdict based on the evidence presented in court", the trial transcript establishes that Juror Cline met this standard. *Teffeteller v. Dugger*, 734 So. 2d 1009, 1020 (Fla. 1999). Therefore, the Defendant's first claim is successive and is DENIED.

Exh 8: Order on Defendant's Motion for Postconviction Relief at pages 2-3.

Spruill has not shown cause and prejudice to overcome the procedural bar and has not

shown that a fundamental miscarriage of justice will occur if this Court does not address this

claim.

Ground one does not warrant habeas corpus relief.

GROUND TWO

Spruill faults trial counsel for failing to file a motion in limine to prevent the introduction

of a tape recording. Specifically, Spruill refers to evidence of a recording of a taped

conversation between Spruill and the victim. The state court reasonably denied this claim because Spruill could not show he was prejudiced under the second prong of the *Strickland* two prong test:

> The Defendant's **second claim** is that Defense Counsel was ineffective for failing to make a timely objection to the State's evidence of a recording of a taped conversation between the Defendant and the victim. References to this taped conversation were made throughout the State's opening statements. The victim, Sylvia Urban, testified that the taped conversation occurred, however, she did not testify as to the contents of the conversation, only to those parts of the conversation that she independently recalled. Trial Transcript at 118-20. When the State attempted to introduce the recording through Detective Cone, Defense Counsel objected to its introduction into evidence and this objection was sustained. Id. at 146-50. Therefore, the jury did not hear any testimony concerning the exact contents of the recording, except for that testimony that would have been admitted regardless of the taped recording. Accordingly, the Defendant's "ineffective assistance of counsel claim must fail because he is unable to demonstrate any prejudice from the deficient performance he has alleged." *Thompson v. State*, 32 Fla. L. Weekly D614, D616 (Fla. 1st DCA Mar. 9, 2007). Therefore, Defendant's second claim is DENIED.

Exh 8: Order on Defendant's Motion for Postconviction Relief at page 3.

Ground two does not warrant habeas corpus relief.

## GROUND THREE

Spruill raises two allegations of ineffective assistance of trial counsel and one allegation of fundamental error. First, Spruill complains counsel was ineffective for failing to move for a judgment of acquittal based on the State's failure to prove the charge of incest. The state court denied this sub-claim because Spruill could not demonstrate prejudice:

> Defendant's **claim 3(a)** is that Defense Counsel was ineffective for failing to move for a judgment of acquittal based on the State's failure to prove the charge of incest. Specifically, that while the State's information alleged "lineal consanguinity", the Defendant was related to the victim through "collateral consanguinity." First, the Court finds that Defense Counsel did move for a judgment of acquittal at the close of the State's testimony. Trial Transcript at p. 168. At that time, the Court denied the judgment of acquittal. Id.

Even assuming Defense Counsel did not move for a judgment of acquittal, the Defendant's claim is without merit. In determining whether a defect in the information is fatal, the Florida Supreme Court has stated the Court must determine whether the jury or defendant could have been misled by it or have mistaken its meaning. *Pell v. State*, 97 Fla. 650, 655 (Fla. 1929). See Fla. R. Crim. P. 3.140(o). The Court further stated that "the indictment or information should receive a liberal construction, and that even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of that fact" *Id.* at 658 (citing *Smith v. State*, 72 Fla. 449 (Fla. 1916)). *See also State v. Nixon*, 295 So.2d 121, 122 (Fla. 3d DCA 1974). In the decision, the Court ruled that it was "quite satisfied that everybody who read this indictment, including the jury and the defendant himself knew just exactly what was intended to be charged as soon as they read it or heard it read." Pell v. State, 97 Fla. at 657.

Following this line of reasoning, the Court rules that the misuse of the word lineal when defining consanguinity was not something that would mislead the jury or the defendant, and that the Defendant and the jury knew exactly what were the intended charges. Therefore, the Court could have been remiss if it had granted a judgment of acquittal based on the defect. As the Court had no legal basis to grant the judgment of acquittal, the claim must fail. *See Neal v. State*, 854 So. 2d 666, 667 (Fla.2d DCA 2003) (citing *Rogers v. State*, 567 So. 2d 483 (Fla. 1st DCA 1990)) ("when there is no showing that a motion for judgment of acquittal had a likelihood of success, a movant has not presented a facially sufficient claim of ineffectiveness of counsel."). Accordingly, the Defendant's claim 3(a)is DENIED.

Exh 8: Order on Defendant's Motion for Postconviction Relief at page 4.

Next, Spruill contends counsel was ineffective for conceding Spruill's guilt to the crime of incest during opening statements and closing arguments. The state courts concluded that counsel engaged in sound trial strategy, and that Spruill was not prejudiced under the *Strickland* test:

The Defendant's **claim 3(b)** alleges that he was denied effective assistance of counsel as a result of Defense Counsel conceding Defendant's guilt in the charge of incest during opening statements and closing arguments. When a defendant alleges "ineffective assistance of counsel based on counsel's concession of guilt to the crime charged, even without defendant's consent, [the claim] must be evaluated under the standard set forth in *Strickland v. Washington.*" *Harvey v. State*, 946 So. 2d 937, 942 (Fla. 2006) (citing *Florida v. Nixon*, 543 U.S. 175 (2004)). In the *Harvey v. State* decision, the Florida Supreme Court ruled that the trial counsel was not ineffective because there was

an obvious trial strategy and that counsel did not say anything more than what the defendant confessed to the police. *Id.* at 942.

In the present case, the State presented evidence that the Defendant was related to the victim as her nephew. Trial Transcript at p. 116. The State also presented testimony from the victim who testified that the Defendant had raped her and had admitted having sexual intercourse with her in a phone call the next morning. Id. at p. 119-20. Detective Cone also testified that the Defendant admitted to having sexual intercourse with the victim. Id. at 155-57. As a result of this overwhelming testimony, Defense Counsel conducted an appropriate trial strategy in admitting to the incest, but disputing the fact that the sexual intercourse was not consensual. As this was proper trial strategy and that the Defense Counsel did not do anything more than acknowledge a fact that the Defendant had previously confessed to, there is no showing that facially establishes the prejudicial prong under *Strickland v. Washington*. Accordingly, the Defendant's 3(b) claim is DENIED.

Exh 8: Order on Defendant's Motion for Postconviction Relief at pages 4-5.

The state court's denial of this claim is objectively reasonable. Trial counsel's performance was not deficient, and Spruill was not prejudiced. A defendant seeking to show counsel provided ineffective assistance by conceding his guilt, must show the concession was unreasonable under *Strickland. Florida v. Nixon*, 543 U.S. 175, 189, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004). To be reasonable, the strategy must be based on informed professional judgment. *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). A trial attorney's strategic or tactical choices in a criminal case, after a thorough investigation of the law and facts, "are virtually unchallengeable in an ineffective assistance of counsel claim . . ." *Strickland,* 466 U.S. at 689-690. Moreover, there was no prejudice to Spruill in light of the overwhelming evidence, including his confession, upon which the jury's verdict was based.

In his third sub-claim, Spruill alleges that fundamental error occurred when he was convicted of an uncharged crime, namely lineal consanguinity with the incest victim. This claim was rejected by the postconviction court because the issue is one which should have been

raised on direct appeal and is therefore procedurally barred in a Rule 3.850 proceeding. This Circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922, 104 S. Ct. 290, 78 L. Ed. 2d 266 (1983); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.)(under Florida law, an issue which could have been or were raised on direct appeal may not be reviewed in a Rule 3.850 motion), *cert. denied*, 498 U.S. 832, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990). Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 26 of 30 27 (1986)(explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon,* 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324). In the instant case, Spruill cannot avoid the procedural bar because he has neither argued nor shown the existence of cause and prejudice. Moreover, Spruill does not qualify for the fundamental miscarriage of justice exception because he has no new and reliable evidence of actual innocence. *Schlup v. Delo*, 513 U.S. at 321-322.

Alternatively, the postconviction court found there was no fundamental error based on the court's reasoning underlying the denial of relief on the first sub-claim of ground three. This ruling was upheld on appeal. *Spruill v. State*, 976 So. 2d 1113 (Fla. 2d DCA 2008)[table]. The affirmance settles, as a matter of state law, that Spruill's fundamental error claim is without merit.

Ground three does not warrant habeas corpus relief.

GROUND FOUR

Spruill alleges trial counsel was ineffective for failing to impeach the victim regarding her bias against Spruill. The state court reasonably denied Spruill's claim as facially insufficient because Spruill did not allege or present evidence of the witness's bias. The postconviction court's order states in pertinent part:

In Defendant's fourth claim, he alleges ineffective assistance of counsel for Defense Counsel's failure to impeach the victim on her bias against the Defendant. The Defendant alleges that the victim has had past problems with the Defendant for several years. The Defendant further alleges that after being incarcerated on these charges, the victim saw the Defendant and stated "I told you I'd get even with you." Defendant's Motion at p. 7. As this statement occurred after the victim made the accusation of sexual battery, this statement could demonstrate that the victim was upset about the sexual battery. An examination of the trial testimony reveals that on direct examination, the victim stated that while she had not seen the Defendant for over a year, the Defendant had been over to her house "on several different occasions, because there was [sic] altercations between his dad and he and my sister, and different things that was being said back and forth." Trial Transcript, at p. 101. However, there is nothing in the transcript or the Defendant's Motion that alleges any specific past problems between Defendant and the victim or that the victim had a motivation to lie. In fact, the victim testified that when she first saw the Defendant on the night of the incident, she went up to him, hugged him, and then proceeded to stay with him the rest of the evening. Id. at 103-110. As the impeachable statement was allegedly made after charges were filed, and the victim testified that while her family had problems, she went up and greeted the Defendant and decided to go with him to various other locations, it does not meet the standard required of impeachment evidence. See Fla. Stat. 90.608; Fla. Stat 90.609. At this time, based on the information contained in the record, trial transcript, and Motion, the

> Court is unable to make a determination of possible bias as there is no supporting evidence. Therefore, the Defendant's fourth claim is DISMISSED as facially insufficient.

Exh 8: Order on Defendant's Motion for Postconviction Relief at pages 5-6.

The state court's denial of postconviction relief did not result in a decision that was contrary to, or involved an unreasonable application of, the Strickland standard, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, even if the petition is not time-barred, the claims does not warrant relief because they fail to satisfy the threshold requirements of 28 U.S.C. § 2254(d) and (e).

Ground four does not warrant habeas corpus relief.

### PETITIONER'S MOTION FOR LEAVE TO AMEND HIS PETITION

Petitioner filed a motion for leave to amend his § 2254 petition on February 19, 2010. (Doc. 20). In his request for leave to amend the petition, Spruill seeks to add "new claims that should have been but were not asserted" in his direct appeal or Rule 3.850 postconviction proceeding. He contends that after he filed his federal petition, he filed two new pleadings in the state court, a motion to correct sentence and petition for writ of habeas corpus, which he asserts contain the new claims he should have raised earlier in his state proceedings. Spruill wishes to amend the pending federal § 2254 petition to "combine or add his recently raised state claims to his 2254 claims to strengthen the petition." (Doc. 20 at p. 2).

Spruill did not specify the nature of the claims he wishes to add to the federal petition, and no copies of the state court pleadings were provided to Respondent by Spruill. The contemplated grounds can only be deemed timely if they relate back to the claims raised in the original petition. Fed. R. Civ. P. 15(c). An amended habeas petition does not relate back when

it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth. *See Mayle v. Felix*, 545 U.S. 644, 650, 125 S. Ct. 2562, 2566, 162 L.Ed.2d 582 (2005) (An amended habeas petition does not relate back, and thereby escape AEDPA's one-year time limit, when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth); Federal Rule of Civil Procedure 15(c)(2). Spruill does not identify with specificity which grounds he seeks to add.

However, an examination of the two recent state proceedings shows Spruill filed a motion to correct illegal sentence on June 23, 2009 (Exhibit A), raising the following claim:

> The charging document in this case is fundamentally defective, whereas, it totally omits the essential element constituting the crime for which Mr. Spruill had been subsequently convicted of.

On July 17, 2009, the trial court issued an order denying the claim of defective information on the merits. (See Docs. 23, 24--Exhibit B). Spruill appealed, and the denial of sentencing relief was affirmed in a silent per curiam opinion with citations. (Doc. 23, 24--Exhibit C). The other state collateral challenge to Spruill's convictions for sexual battery and incest was a petition for writ of habeas corpus filed in the trial court on or about June 18, 2009. (Docs 23, 24--Exhibit D). Spruill raised three grounds in the state petition:

### Ground One

> The evidence presented at trial was insufficient to support conviction of lack of consent under the "without force" sexual battery statute, because the so-called victim was not physically helpless to resist; the so called victim was not mentally incapacitated, but was able to communicate and indeed communicated during the act in question.

### Ground Two

> Fundamental error occurred, whereas, the prosecutor's tactics and trial strategy were so highly prejudicial and inexcusably inflammatory that the jury returned a verdict of guilt based solely on innuendo, and not on established evidence.

Ground Three

The trial court fundamentally erred by allowing the prosecutor to use the victim's alcohol consumption as a handicap or defect strategy when, in fact, these essential material elements were not alleged in the charging information. The trial court further erred by failing to give the proper and specific jury instruction(s) on the essential material elements pursuant to the "without force" sexual battery statute where Mr. Spruill's trial weighed "wholly" on the so called victim's physical impairment and mental incapacitation.

On July 29, 2009, the trial court rendered an order dismissing the petition on procedural grounds, stating that a writ of habeas corpus is not the proper vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, which were waived at trial, or which could have, should have, or have already been raised in postconviction proceedings. (Docs. 23, 24--Exhibit E). This decision was affirmed on appeal in a per curiam opinion with citations. (Docs. 23, 24--Exhibit F).

In the original federal petition, Spruill presents four grounds for relief alleging ineffective assistance of trial counsel for counsel's: (1) failure to strike a juror; (2) failure to file a motion in limine to prevent introduction of a tape recording; (3) failure to move for judgment of acquittal on the incest charge, and counsel's concession of Spruill's guilt on the incest charge; and (4) failure to impeach the State's key witness and the victim. Spruill also argued in sub-claim three of Ground Two that fundamental error occurred when he was convicted of an uncharged crime (lineal consanguinity with the incest victim).

It is unknown whether Spruill desires to amend his federal petition with any or all of the grounds raised in his motion to correct illegal sentence and petition for writ of habeas corpus filed in the state trial court. Even if he intends to amend with these new grounds, however, the amendment would be improper because the new claims do not relate back to the original petition because they assert new grounds for relief supported by facts that differ in both time

and type from those the original federal petition set forth. Consequently, the additional claims which Spruill seeks to raise in an amended petition are time-barred. This is especially true where the original petition is itself untimely under 28 U.S.C. § 2244(d).

Accordingly, the Court orders:

1. That Spruill's petition is denied.

2. That Spruill's motion for leave to amend to amend/correct the petition (Doc. 20) is denied.

The Clerk is directed to enter judgment against Spruill and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 15, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
James Spruill